UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXWELL A GRAHAM,<br><br>Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>Defendant. | Case No. 3:23-cv-04865-RFL   (KAW)<br><br>**ORDER REGARDING 12/11/24 JOINT DISCOVERY LETTER**<br><br>[Joint Discovery Letter #1]<br><br>Re: Dkt. No. 51 |

On December 11, 2024, the parties filed a joint discovery letter pertaining to Plaintiff's requests for production of documents. (Joint Letter, Dkt. No. 51.) Therein, Plaintiff Maxwell A. Graham ("Andy") requested leave to file a supplemental explanation of the dispute or a motion to compel, but that is not necessary, and so the request is denied. The Court will address the three issues below.

    **A.    Privilege Log[1]**

As an initial matter, Plaintiff complains that Defendant Honeywell International, Inc. has produced numerous documents with redactions, including names of witnesses, but that it has not provided a privilege log. (Joint Letter at 2.) In response, Defendant agreed to provide a privilege log before any hearing on this dispute, and further agreed to review its redactions to determine whether any can be removed. (Joint Letter at 4.) There will be no such hearing, so, if Defendant has not already done so, it is ordered to produce a privilege log within 7 days of this order.

---

[1] The Court notes that the parties include the privilege log arguments in their respective "introductory" sections. This does not comport with the format set forth in the Court's standing order. (*See* Judge Westmore's Standing Order ¶ 14.) The parties are again advised that, going forward, "[i]f a pending discovery dispute does not comply with this procedure, it may be terminated, and the parties ordered to refile a joint letter that complies with the standing order." (*See* Dkt. No. 36 at 1.) Even so, the Court will address this issue.

### B. Defendant's deadline to complete search

Next, Defendant has promised to complete its ESI searches in response to Request Nos. 1, 2, 3, 5, 6, 7, 15, 27, 28, 29, 30, 38, 39, 40, 41, 52, 56, 57, 59, 62, and 63, but it has not provided a date by which the searches will be completed. (Joint Letter at 4.) Plaintiff requests that the Court order that all responsive documents be produced within three court days. *Id.*

In response, Defendant contends that it is working in good faith to identify responsive documents to these and all other requests, subject to "reasonable limitations." (Joint Letter at 4.) Defendant's introduction provides its general position that the requested ESI searches are unduly burdensome or costly. *See id.* at 3. In accordance with the Court's standing order, any such arguments should have been clearly made in connection with this section, including citing to relevant legal authority. Defendant has not done so, and has, therefore, failed to explain what makes complying with these specific requests unduly burdensome and not proportional to the needs of the case, so the Court overrules any objections based on burden.

Given the passage of time since this letter was filed, the Court orders Defendant to complete its searches and produce all relevant documents within 7 days of this order. The Court notes that there is a stipulated protective order in place, which should allay some of Defendant's concern regarding the need for comprehensive document review. *See id.*

### C. Honeywell's objections to certain requests

Finally, Plaintiff contends that Defendant has improperly objected to three categories of requests, each of which are addressed below.

#### i. Requests Nos. 3, 5, 6

Plaintiff contends that these requests seek documents relating to Honeywell's negotiations with Andy concerning the terms of his July 2021 offer letter. (Joint Letter at 5.) Plaintiff remembers certain specific emails that Honeywell claims it cannot locate, and so he requests all emails between him and his supervisor during a four-week period. *Id.*

Defendant opposes this request on the grounds that it conducted multiple searches regarding the alleged negotiations between Plaintiff and his supervisor regarding his employment, and it has been unable to locate any responsive documents. (Joint Letter at 5.) Defendant

characterizes these requests as a fishing expedition, and the Court agrees. *See id.* If Defendant conducted the search and could not find the documents, it has fulfilled its discovery obligation.

Since Defendant has conducted multiple searches and has been unable to locate any responsive communications, Plaintiff's request to compel supplemental responses to these requests is denied.

### ii. Request No. 8

Request No. 8 seeks Plaintiff's email messages notifying Defendant of his intention to retire. (Joint Letter at 5.) Plaintiff recalls sending specific emails that Honeywell claims that it cannot locate, and requests that Defendant provide all emails between Plaintiff and his supervisor during a six-week period. *Id.*

In opposition, Defendant contends that, at Plaintiff's request, it searched "Plaintiff's ESI using the terms 'April Fool' OR 'retir*' and located one responsive email, which it produced." (Joint Letter at 5.) It is unclear, however, whether Defendant searched its own ESI or custodians. While the Court will not order Defendant to produce all emails for that six-week period, it orders Defendant to run the Boolean search on its relevant custodian(s) using the six-week, temporal period, and produce any responsive documents within 7 days of this order.

### iii. Request Nos. 28, 30, 49, 50, 51

Request Nos. 28, 30, 49, 50, and 51 seek documents related to the amount of Honeywell sales to Starbucks Corporation, the Hamilton Company, and Ontrac Logistics, Inc. (Reno office). (Joint Letter at 5.) Defendant has agreed to produce documents in response to Request Nos. 28 and 30 but argues that the remaining requests broadly seek all documents relating to revenues received by Honeywell from these companies from January 1, 2021 through June 1, 2023. *Id.* Plaintiff contends that these documents are required to calculate and prove damages. *Id.* Defendant, however, argues that it has already produced the sales reports for Plaintiff's sales associates, which was used to determine Plaintiff's Sales Incentive Plan ("SIPs") compensation. *Id.* Plaintiff is entitled to make his own damages calculation and is not required to rely on the accuracy of those sales reports. Thus, the Court orders Defendant to produce documents responsive to Request Nos. 28, 30, 49, 50, and 51 within 7 days of this order.

This resolves Dkt. No. 51.

IT IS SO ORDERED.

Dated: January 9, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge