E. Jeffrey Banchero (SBN 93077)
*ejb@bancherolaw.com*
BANCHERO LAW FIRM LLP
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 484-7029

Attorneys for Plaintiff
MAXWELL A. GRAHAM

SHANNON R. CLAWSON, CA Bar No. 273699
shannon.clawson@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:    415-442-4810
Facsimile:    415-442-4870

PAUL M. SMITH, CA BAR NO. 306644
paul.smith@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 Capitol Mall, Suite 2800
Sacramento, CA  95814
Telephone:    916-840-3150
Facsimile:    916-840-3159

Attorneys for Defendant
HONEYWELL INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAXWELL A. GRAHAM,<br><br>             Plaintiff,<br><br>      v.<br><br>HONEYWELL INTERNATIONAL, INC.,<br><br>             Defendant. | **CASE NO.  3:23-cv-04865-RFL**<br><br>**JOINT LETTER ON DISCOVERY DISPUTE: RULE 30(b)(6) DEPOSITION OF DEFENDANT, HONEYWELL, INTERNATIONAL, INC.**<br><br>Complaint Filed:  September 22, 2023 |

| | |
|---|---|
| Trial Date: | December 1, 2025 |
| Judge: | Hon. Rita F. Lin |

Discovery Matters Referred to
Magistrate Judge Kandis A. Westmore

In compliance with ¶14 of the Standing Order for Magistrate Judge Kandis A. Westmore, lead trial counsel for plaintiff and defendant met and conferred by video conference on April 3, 2025, to discuss the matter presented in this letter brief.

Each lead trial counsel believes he or she has complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing the joint letter.

DATED: April 11, 2025                    Ogletree, Deakins, Nash, Smoak & Stewart, P.C.


By: /s/ Shannon R. Clawson
SHANNON R. CLAWSON
PAUL M. SMITH
Attorneys for Defendant
HONEYWELL INTERNATIONAL, INC.

DATED: April 11, 2025                    BANCHERO LAW FIRM LLP


By: /s/ E. Jeffrey Banchero
E. JEFFREY BANCHERO
Attorneys for Plaintiff
MAXWELL A. GRAHAM

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: April 11, 2025                                    BANCHERO LAW FIRM, LLC

                                                                        By: /s/ E. Jeffrey Banchero
                                                                        E. JEFFREY BANCHERO
                                                                        Attorneys for Plaintiff
                                                                        MAXWELL A. GRAHAM

Dear Judge Westmore:

In accordance with the Court's Standing Order for Civil Cases, the Court's Order Of Referral For Discovery Purposes [ECF No. 35], and Your Honor's Standing Order, Defendant Honeywell International Inc. ("Honeywell") and Plaintiff Maxwell Andy Graham ("Plaintiff" or "Graham") submit this joint letter regarding their dispute over Plaintiff's Notice of Deposition ("NOD") of Honeywell pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Plaintiff served the NOD to proceed on April 3, 2025. As such, this joint letter also serves as Honeywell's request for a protective order to prevent the deposition from moving forward on April 3, 2025.  The parties have made good faith efforts to resolve the dispute, including live conversations and written correspondence between counsel, but have reached impasse.

1.      **The Rule 30(b)(6) NOD And Pretrial Schedule**

Trial is set for December 1, 2025, and the close of fact discovery is on April 14, 2025. (ECF No. 68.) On March 25, 2025, Plaintiff served the NOD of Honeywell pursuant to Rule 30(b)(6), demanding Honeywell produce one or more officers, directors, or managing agents, or designated other persons on April 3, 2025 who consent to testify on six topics relating to collateral discovery: (1-2) Plaintiff's company laptop, including the procedures for backing up data on the laptops of Honeywell employees; (3) Honeywell's legal holds in this case, including the policies and procedures governing legal holds; (4-5) Plaintiff and his former supervisor's cellphones and text messages on such cell phones; and (6) the clean-out of Plaintiff's office and information regarding what was done with any hard-copy documents in his office. (**Exhibit A**.)

2.      **Honeywell's Position**

       a.      **Relevant Factual Background**

Honeywell employed Plaintiff in its Sales division, first as a Manager in Account Management, Distributions & Fulfillment, and then as a Senior Sales Manager of the West Region from approximately July 2019 to September 2022.  On August 31, 2022, Honeywell informed Plaintiff that his role was being eliminated as part of a reduction in force (RIF) and that his last effective date of employment would fall on September 2, 2022.  At the time of his termination, Plaintiff was on a legal hold in connection with a separate matter and Human Resources reminded him then and thereafter that he was required to send back his company devices (i.e., his company issued laptop and cellphone) to Honeywell's litigation department.

After the termination meeting, Plaintiff emailed his supervisor David Bach to inquire about retrieving property from his locked office in Roseville, CA and asked Bach to not destroy any documents, emails, saved files or pictures in his system. Bach (who did not work at the Roseville office) advised Plaintiff to coordinate with another employee and that Plaintiff's OneDrive was accessible to him, but that he would need to have IT help him scan any files to make sure they were not created by a company device or contain company data– and that Honeywell's policy was for employees to not keep personal data on company equipment. Plaintiff eventually cleaned out his Roseville office – to which only he had a key – and returned what he claimed was his company-assigned laptop and cellphone to Sr. Program Manager Tim Lasko.

Plaintiff did not send a demand letter to Honeywell until December 2, 2022. Notably, while the demand letter stated Honeywell was a "potential party to litigation" in connection with Plaintiff's termination of employment, it did not specify any causes of action Plaintiff intended to bring. Plaintiff eventually initiated this lawsuit on September 22, 2023.

### b.     The Court Should Issue a Protective Order

The "right of a party to obtain discovery is not unlimited." *Epstein v. MCA, Inc.,* 54 F.3d 1422, 1423 (9th Cir. 1995). Discovery must be "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added). When confronted with a burdensome or improper Rule 30(b)(6) deposition notice, after meet and confer efforts to narrow its scope, the entity may seek a protective order to prevent a 30(b)(6) deposition based on the objectionable notice. See, e.g., *Murphy v. KMART Corporation*, 255 F.R.D. 497, 502 (D. South Dakota 2009). The "burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). Good cause exists here.

*First*, the majority of topics in the NOD are too overbroad and lack the specificity needed to identify a witness who could testify to that information. See *Reed v. Bennett,* 193 F.R.D. 689, 692 ("[a]n overbroad Rule 30(b)(6) deposition notice subjects the noticed party to an impossible task.") (D. Kansas 2000) By way of example, topic 2 requires a representative to testify regarding the "procedures for backing up data on laptops of Honeywell employees" without any specification as to time period for such procedures or the procedures applicable to Plaintiff's division (in a company comprised of tens of thousands of individuals). The same topic also demands information about how Plaintiff's laptop was backed up and how such back-up files were maintained.

*Second*, each of the topics seek discovery on discovery without basis. Throughout this case, Plaintiff has been seeking broad categories of documents that are objectionable and which have required a multitude of meet-and-confer discussions to identify custodians and search terms, as well as dozens, if not hundreds, of hours of ESI review. Yet, Plaintiff continues to make unsubstantiated and speculative allegations that Honeywell is concealing information and intentionally withholding documents despite the defense's efforts. Notably, Plaintiff cannot identify the specific documents he claims Honeywell is allegedly withholding, or how they would be in any way relevant to his claims. Courts have held that mere "[s]peculation that there is more will not suffice; if the theoretical possibility that more documents exist sufficed to justify additional discovery, discovery would never end." See *Hubbard v. Potter,* 247 F.R.D. 27, 29 (D.D.C. 2008); see also *Brewer v. BNSF Ry. Co.,* No. 14-cv-00065-GF-BMM-JTJ, 2018 WL 882812, at *2 (D. Mont. Feb. 14, 2018) ("A party should not be required to provide discovery about its e-discovery without good cause… A party seeking discovery on discovery must show a specific deficiency in the other party's production.") (parenthetical and citations omitted).

Here, Plaintiff has done nothing more than speculate that items have not been produced. With respect to Plaintiff's company-assigned laptop, for example, Plaintiff demanded Honeywell include the laptop in its searches for documents in early February 2025. Honeywell promptly researched the status of the laptop returned under Plaintiff's name and determined that it was a laptop belonging to one of Plaintiff's direct reports and had been wiped before its return to the company. Honeywell nonetheless informed Plaintiff's counsel that the company still had access to Plaintiff's OneDrive, which is where all of his laptop documents would have been backed up during his employment, and that it was agreeable to performing searches of those documents. As the OneDrive contains more than 3,000 documents, and discovery closes on April 14, 2025, Honeywell reasonably asked Plaintiff to provide search terms or otherwise identify what documents he believes are pertinent to his case – and he refused.

Likewise, the information called for in topic 3 regarding Honeywell's litigation holds is protected by the attorney-client privilege and work product doctrine. See e.g., *Watkins v. Hireright, Inc.*, No. 13CV1432-MMA (BLM), 2013 WL 10448882, at *2-3 (S.D. Cal. Nov. 18, 2013) (denying request for 30(b)(6) deposition regarding defendant's "efforts to date to preserve electronic data upon learning of the pendency of this lawsuit"); *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2017 WL 1325344, at *7 (D. Colo. Jan. 3, 2017) (denying request for Rule 30(b)(6) deposition regarding hold notices' "content").

*Lastly*, topic 6 could be covered by Mr. Lasko's deposition. As discussed above, Mr. Lasko was the employee who facilitated Plaintiff's clean-out of his office and Honeywell has agreed to produce him for deposition separately. Mr. Lasko's deposition would also cover some of the information Plaintiff seeks via topic 1 with regard to the return of Plaintiff's company-assigned laptop.

Accordingly, Honeywell respectfully requests that the court enter a protective order precluding Honeywell from producing a witness on topics 1-6 of the NOD.

**3.** **Graham's Position**

In its dispute letter, Honeywell mischaracterizes Graham's position as that of a litigant seeking "discovery on discovery" based on speculation that Honeywell is withholding relevant documents.  That is not Graham's position.  Instead, Graham has legitimate grounds to believe that Honeywell may have destroyed relevant evidence, and he has every right to seek discovery on Honeywell's conduct.  The Rule 30(b)(6) notice, Exhibit A, specifies narrow categories based on Honeywell's recent disclosure that it did not maintain certain categories of documents pertaining to Graham's employment.[1]  The discovery sought is not unduly burdensome, and will likely require only two or three half-day depositions of Honeywell representatives.

---

[1] Honeywell argues that topics are overbroad and should be limited, for example, by date.  This issue was not discussed at the meet-and-confer conference.  Graham is willing to limit the topics concerning Honeywell's procedures (topics 2, 3, & 5) to how those procedures were applied in Graham's case, during the time period from August 1, 2022, to the present.

Honeywell admits that Graham notified a Honeywell representative on the day he was fired "to not destroy any documents, emails, saved files or pictures in his system." In fact, Graham informed his boss and a HR representative that he was considering legal action, and instructed them to save "everything." Emails from Honeywell from that time confirm that Honeywell placed a "legal hold" on Graham's laptop. Honeywell has not provided support for its assertion that the legal hold was related "to a separate matter."

As Honeywell also admits, shortly after the termination meeting, Graham travelled to the Roseville office and returned the cellphone and laptop he used for Honeywell business to a Honeywell representative, Tim Lasko. Subsequently, Graham sent repeated emails to Honeywell explaining that he had files stored on his laptop, and asking that personal files be returned to him. On the day of Graham's visit, Lasko allowed Graham access to his office, which Graham had not visited recently because of COVID. Graham intended to retrieve personal files and his copies of Honeywell agreements, but he discovered that these paper files were gone.

In a letter dated December 2, 2022, Graham's counsel reminded Honeywell of the litigation hold, and instructed Honeywell to preserve data "pertaining to Graham's employment status, compensation, job performance, and termination of employment … and communications by Honeywell management or co-workers that refer to him or his work." The letter broadly defined the data to be preserved and included ESI and "text messages stored on cell phones."

On August 7, 2024, Graham's counsel asked Honeywell to "confirm that Honeywell's searches include information stored on Graham's company laptop." Honeywell ignored this request. It was not until February 18, 2025, after another demand by Graham's counsel, that Honeywell admitted that it did *not* preserve the data on the laptop Graham returned. Honeywell claimed, for the first time, that the device Graham returned was actually assigned to a different Honeywell employee, and alleged that the laptop was "wiped" "before Graham returned it to Honeywell." Since Graham had repeatedly demanded the return of personal laptop files *after* returning the laptop, Honeywell's insinuation that Graham erased its contents is not believable. Honeywell had a duty to preserve data on the laptop that Graham used and returned, regardless of whether Honeywell somehow mixed up the laptop assignment with another employee.

Also on February 18, 2025, Honeywell made two remarkable admissions: it informed Graham's counsel that it could not locate the paper files that were missing from Graham's office, and admitted for the first time that it had not conducted searches of text messages when responding to Graham's document requests.[2] Graham demanded that Honeywell confirm whether it had preserved text-message data for Graham and his boss. Honeywell has not provided that confirmation. For purposes of this dispute letter, we assume that Honeywell's silence means that it destroyed the cell phone data. After Honeywell's email, Graham's counsel sent meet-and-confer correspondence, and thereafter noticed the Rule 30(b)(6) deposition.

A party has a duty to preserve evidence when litigation is "reasonably foreseeable" or "when a party should have known that the evidence may be relevant to future litigation." *Apple Inc. v. Samsung Elecs. Co.,* 888 F. Supp. 2d 976, 990-91 (N.D. Cal. 2012). On this record,

---

[2] From the outset of the case, Graham's requests for documents specified a broad definition of "documents" including "electronically stored information," and, specifically, "text messages."

Honeywell cannot credibly argue that it was not "reasonably foreseeable" that Graham would bring a lawsuit on a variety of employment-related claims.

Contrary to Honeywell's argument, Graham has no duty to identify specific documents that Honeywell destroyed. The spoliation topic is relevant if Honeywell was on notice that information on his phone, his laptop, and in his office was "*potentially* relevant to the litigation before they were destroyed." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). In the *Leon* case, the Ninth Circuit affirmed a district court's dismissal of a lawsuit because the plaintiff destroyed laptop files that he deemed personal. According to the district court and the Ninth Circuit, it was enough that the "types of files" the plaintiff might have deleted were "likely" relevant, "although it is impossible to identify which files and how they might have been used." *Id.* at 960. The Court stated, "because 'the relevance of ... [destroyed] documents cannot be clearly ascertained because the documents no longer exist,' a party 'can hardly assert any presumption of irrelevance as to the destroyed documents.'" *Id.* at 959 (citations omitted).

In any event, Graham has identified "types of files" on Graham's laptop, cellphone, and in his office, that Honeywell seems to have destroyed. Graham's discovery requests were narrowly tailored, with some requests targeting specific written communications. As one example, Graham distinctly recalls a written exchange between Graham and his boss about Graham's retirement date. These communications are relevant to Graham's claims for age discrimination and breach of contract, and were the subject of a previous dispute letter presented to the Court [ECF 54.] These communications may have occurred by text or email. Since Honeywell claims that it cannot locate these communications in Graham's emails, either Honeywell's email search was inadequate or the communication took place by text message. There is a strong likelihood that Graham's text messages included important evidence.

Graham also believes that he stored relevant information on his laptop that may not have been backed up to OneDrive, such as calendar events and notes, and an Excel spreadsheet estimating a commission for a particular transaction at issue in this lawsuit. With respect to papers in Graham's office, Graham is sure he kept copies of all documents he signed related to his employment, some of which have not been produced by Honeywell and are highly relevant.

Graham is not merely speculating that Honeywell destroyed evidence because it has not produced documents that Graham expected Honeywell to find. Rather, based on Honeywell's admissions, Graham has good reason to believe Honeywell may have destroyed evidence. He is entitled to explore, by a Rule 30(b)(6) deposition, what evidence was destroyed and whether Honeywell's conduct was deliberate, since its "degree of fault," is relevant to the determination of sanctions for spoliation. *Apple Inc.,* 888 F. Supp. 2d at 992. The cases cited by Honeywell placing limits on "discovery on discovery" are *not* spoliation cases and do not apply here.

As the party seeking a protective order to forestall a relevant deposition, Honeywell bears the burden of demonstrating that Honeywell will suffer "harm or prejudice." Honeywell has not met this burden. In fact, its dispute letter does not address why a limited Rule 30(b)(6) inquiry would be harmful or prejudicial to Honeywell. There is no prejudice to Honeywell, and certainly none great enough to outweigh Graham's right to a fair litigation process.

# EXHIBIT A

E. Jeffrey Banchero (SBN 93077)
*ejb@bancherolaw.com*
BANCHERO LAW FIRM LLP
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 484-7029

Attorneys for Plaintiff
MAXWELL A. GRAHAM

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAXWELL A. GRAHAM,<br><br>Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL, INC.,<br><br>Defendant. | **CASE NO. 3:23-cv-04865-RFL**<br><br>**NOTICE OF RULE 30(b)(6) DEPOSITION**<br><br>Complaint Filed: September 22, 2023<br>Trial Date: December 1, 2025<br>Judge: Hon. Rita F. Lin |

TO DEFENDANT HONEYWELL INTERNATIONAL, INC. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiff, Maxwell A. Graham ("Graham"), will take the deposition upon oral examination of Honeywell International, Inc. ("Honeywell") at 9:30 A.M. on April 3, 2025.

The deposition will be conducted by videoconference, and recorded by stenographic means before a person authorized by law to administer oaths, and instant visual display of the testimony may be utilized.

-1-
NOTICE OF RULE 30(b)(6) DEPOSITION
CASE NO. 3:23-cv-04865-RFL

Under Rule 30(b)(6), Honeywell International, Inc. must produce one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf, to testify on the following matters:

1) Chain-of-custody of the Honeywell laptop that Graham returned to Tim Lasko ("Graham's laptop"), including identification of Honeywell personnel involved, what was done with the laptop, and Honeywell's assertion that the laptop was "wiped";

2) Procedures for backing up data on the laptops of Honeywell employees, including specifically, when and how Graham's laptop was backed up, and how these back-up files were maintained;

3) Honeywell's policies and procedures governing legal hold notices, and specifically, how those procedures were followed in Graham's case;

4) Chain-of-custody of the Honeywell cell-phones issued to both Graham and Graham's boss, Dave Bach ("Bach"), including identification of Honeywell personnel involved, and description of what was done with the cell phones and the data stored thereon;

5) Honeywell's access to records of text messages exchanged on Honeywell cell-phones, both generally and with regard to Graham and Bach's cell phones;

6) Information surrounding the clean-out of Graham's office following his employment termination, including identification of Honeywell personnel involved, and what was done with hard-copy documents in Graham's office.

March 25, 2025                               BANCHERO LAW FIRM LLP


                                             By:       /s/
                                             E. Jeffrey Banchero

                                             Attorneys for Plaintiff
                                             Maxwell A. Graham

-2-
NOTICE OF RULE 30(b)(6) DEPOSITION
CASE NO.  3:23-cv-04865-RFL

<u>Proof of Service</u>

At the time of service I was over 18 years old and not a party to this action. My business address is 4 Embarcadero Center, Suite 1400, San Francisco, California 94111. On the date set forth below, I served a true copy of the following documents:

**NOTICE OF RULE 30(b)(6) DEPOSITION**

I served the documents, as follows:

X     (BY ELECTRONIC TRANSMISSION) by transmitting the foregoing document(s) by electronic transmission to the party(ies) identified below by using the email address(es) as indicated. Said transmission(s) were verified as complete and without error

Shannon Clawson, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart P.C.
*shannon.clawson@ogletree.com*
*paul.smith@ogletree.com*
*elaine.blizzard@ogletreedeakins.com*
*pamela.leonard@ogletreedeakins.com*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in San Mateo, California on March 25, 2025.

*[signature: Mary B. Banchero]*
Mary B. Banchero