1

2

3

4              UNITED STATES DISTRICT COURT

5              NORTHERN DISTRICT OF CALIFORNIA

6

7    MAXWELL A. GRAHAM,                    Case No. 3:23-cv-04865-RFL   (KAW)

8                    Plaintiff,            **ORDER GRANTING IN PART AND**
                                           **DENYING IN PART PLAINTIFF'S**
9         v.                               **MOTION FOR SANCTIONS FOR**
                                           **FAILURE TO PRESERVE ESI**
10   HONEYWELL INTERNATIONAL INC.,
                                           Re: Dkt. No. 79
11                   Defendant.

12

13        On July 4, 2025, Plaintiff Maxwell A. Graham filed a motion for sanctions against

14   Defendant Honeywell International Inc. for failure to preserve electronically stored information

15   ("ESI") under Federal Rule of Civil Procedure 37(e). (Pl.'s Mot., Dkt. No. 79.)  Discovery

16   disputes in this case have been referred to the undersigned.

17         On October 2, 2025, the Court held a hearing, and, for the reasons set forth below,

18   GRANTS IN PART AND DENIES IN PART the motion for sanctions and RECOMMENDS that

19   the presiding judge instruct the jury of the spoliation by way of a short factual statement.

20                          **I.    BACKGROUND**

21        Plaintiff was employed by Defendant as a senior sales manager from 2019 until his

22   termination effective September 2022. (*See* First Am. Compl., "FAC," Dkt. No. 43 ¶¶ 7, 23.)  On

23   August 31, 2022, Honeywell notified Plaintiff that his employment was terminated, and, on that

24   same day, Plaintiff sent David Bach, the executive he reported to, and Honeywell's HR

25   department an email message requesting the following: "Please do not destroy any documents,

26   emails, saved files or pictures in my system." (8/31/22 email from A. Graham to D. Bach, Decl. of

27   Maxwell A. "Andy" Graham, "Graham Decl.," Dkt. No. 79-1 ¶ 4, Ex. A.)  On September 1, 2022,

28   Lindsey Brafford of Honeywell's HR department replied to Graham that "you are under a legal

hold and are required to send back your devices to our litigation department." (9/1/22 email from L. Brafford to A. Graham, Graham Decl. ¶ 5, Ex. B.)

On September 9, 2022, Plaintiff met Tim Lasko, Honeywell's Senior Program Manager, at Graham's Honeywell office in Roseville, California, where he handed his laptop and cellphone to Mr. Lasko. (Graham Decl. ¶ 2.)  Plaintiff looked in the office for agreements he had signed with Honeywell and other hard-copy documents that he kept in his office, but the desk drawers and filing cabinets in his office were empty. (Graham Decl. ¶ 3.)

On December 2, 2022, Plaintiff's attorneys sent Ms. Brafford a letter informing Honeywell that it "is a potential party to litigation and, as such, has a duty to preserve information that may be relevant to our client's potential claims, or that may lead to the discovery of relevant evidence." The letter directed Honeywell to preserve "data in all forms," including "documents saved on computer hard drives or on cloud servers or related devices, documents and text messages stored on cell phones and data relating to the use of cell phones…." (Decl. of E. Jeffrey Banchero, "Banchero Decl.," Dkt. No. 79-5 ¶ 5, Ex. G.)

This order assumes that the reader is familiar with the facts of the case and the parties' legal arguments.  In sum, while Plaintiff returned his company-issued laptop and cellphone, the contents of those devices were not produced in discovery.  After months of back and forth, Mr. Lasko underwent deposition on April 10, 2025. (Pl.'s Lasko Dep., Banchero Decl. ¶ 3, Ex. E.) At deposition, Mr. Lasko confirmed that he took the laptop and cellphone Graham handed to him and put them in another office where he was storing laptops from other employees. (Pl.'s Lasko Dep. at 22:18-23:24.)  Mr. Lasko further testified that, to his knowledge, Plaintiff's laptop remained in that locked office until the Roseville location closed in June 2024, and IT took custody of the devices stored therein. (Pl.'s Lasko Dep. at 26:7-23.)

During the deposition of Defendant's Rule 30(b)(6) designee on the ESI retention issue and missing data, it became apparent that the data was lost. (*See* Pl.'s Sawvell Dep., Banchero Decl., Ex. F at 70:24-73:11.)  The corporate witness testified that, Honeywell sent out a laptop believed to be Plaintiff's to its vendor for forensic collection, but despite Plaintiff's name on the paperwork, the laptop belonged to a former associate. (Def.'s Sawvell Dep., Decl. of Shannon R.

United States District Court
Northern District of California

1  Clawson, "Clawson Decl.," Dkt. No. 84-1 ¶ 4, Ex. 3 at 112:5-113:9, 119:4-12, 120:5-14.)  The

2  vendor did not receive a cell phone under Plaintiff's name. (Def.'s Sawvell Dep. at 121:16-122:5.)

3        On July 4, 2025, Plaintiff filed the instant motion for sanctions. (Pl.'s Mot., Dkt. No. 79.)

4  On July 18, 2025, Defendant filed an opposition. (Def.'s Opp'n, Dkt. No. 84.)  On July 25, 2025,

5  Plaintiff filed a reply. (Pl.'s Reply, Dkt. No. 85.)  On September 22, 2025, the presiding judge

6  granted in part and denied in part Honeywell's motion for summary judgment. (Dkt. No. 96.)

7                          **II.    LEGAL STANDARD**

8        Federal Rule of Civil Procedure 37(e) concerns the failure to preserve electronically stored

9  information ("ESI"). "Rule 37(e) sets forth three criteria to determine whether spoliation of ESI

10  has occurred: (1) the ESI 'should have been preserved in the anticipation or conduct of litigation';

11  (2) the ESI 'is lost because a party failed to take reasonable steps to preserve it'; and (3) '[the ESI]

12  cannot be restored or replaced through additional discovery.'" *Porter v. City & Cnty. of San*

13  *Francisco*, No. 16-CV-03771-CW (DMR), 2018 WL 4215602, at *3 (N.D. Cal. Sept. 5, 2018)

14   (quoting Fed. R. Civ. P. 37(e)).  If these criteria are satisfied and there is "prejudice to another

15  party from loss of the information," the court "may order measures no greater than necessary to

16  cure the prejudice." Fed. R. Civ. P. 37(e)(1).

17        If, however, the court finds that "the party acted with the intent to deprive another party of

18  the information's use in the litigation," the court may impose more severe sanctions, including an

19  adverse inference jury instruction or terminating sanctions. Fed. R. Civ. P. 37(e)(2). "Unlike Rule

20  37(e)(1), there is no requirement that the court find prejudice to the non-spoliating party under

21  Rule 37(e)(2)." *Porter*, 2018 WL 4215602, at *3. Intent, in turn, requires more than "[n]egligent

22  or even grossly negligent behavior." Fed. R. Civ. P. 37 advisory committee's note (2015). Rather,

23  "courts have found that a party's conduct satisfies Rule 37(e)(2)'s intent requirement when the

24  evidence shows or it is reasonable to infer, that a party purposefully destroyed evidence to avoid

25  its litigation obligations." *Porter*, 2018 WL 4215602, at *3.

26                          **III.    DISCUSSION**

27        Plaintiff moves for sanctions based on Defendant's failure to preserve the contents of his

28  laptop, cellphone, and office files pursuant to Rule 37(e). (Pl.'s Mot. at 1-2.)  In doing so, Plaintiff

United States District Court
Northern District of California

1    requests that the jury be given a short factual statement, an adverse jury instruction, and that he be

2    awarded reasonable attorneys' fees and costs. (Pl.'s Mot. at 21-22.)

3    **A.    Hard copy files**

4    As an initial matter, as Defendant notes in opposition, hard copy files are not electronically

5    stored information, so Rule 37(e) does not apply. (Def.'s Opp'n at 12.)  In reply, Plaintiff argues

6    that Rule 37 permits sanctions pursuant to the court's inherent power. (Pl.'s Reply at 7 (citing

7    *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006)).)  Plaintiff's motion, however, was

8    brought purely under Rule 37(e), so while this may be true, the Court declines to consider new

9    issues raised for the first time in the reply brief. *See Cedano-Viera v. Ashcroft*, 324 F.3d 1062,

10   1066 n. 5 (9th Cir. 2003).

11   Thus, the Court finds that the alleged destruction of Plaintiff's hard copy files does not

12   warrant sanctions under Rule 37(e), because they are not ESI, and denies the motion as to the

13   office files.

14   **B.    Cellphone and Laptop records**

15   With respect to the three criteria for finding spoliation, the parties do not meaningfully

16   dispute that the cellphone and laptop should have been preserved due to the litigation hold.

17   Honeywell's argument that all data on Plaintiff's company laptop was stored on his OneDrive

18   account, rendering that information available for discovery in this litigation simply defies logic.

19   (*See* Def.'s Opp'n at 13.)  Without access to the laptop, there is no way to confirm that the

20   OneDrive files consisted of all files saved to the laptop. In fact, Defendant's corporate

21   representative testified that there was no way to validate whether there was any unique data on the

22   laptop despite indications that OneDrive may have synced the documents on his computer's

23   Desktop. (*See* Pl.'s Mot. at 14 (citing Pl.'s Sawvell Dep. at 78:24-79:24.)  There is no dispute that

24   none of the cellphone data was preserved, and Honeywell concedes that any text messages,

25   including exchanges solely between Plaintiff and Mr. Bach, cannot be recovered. (*See* Def.'s

26   Opp'n at 13.)

27   Since the laptop and cellphone information should have been preserved, the Court must

28   next consider whether the information was "lost because a party failed to take reasonable steps to

4

1    preserve it." Fed. R. Civ. P. 37(e).  The Court finds that the record indicates that Defendant failed

2    to take reasonable steps to preserve the information by failing to ensure that the correct laptop was

3    retained and sent out for forensic collection— but that there is no evidence of intent to destroy the

4    evidence.  While the mishandling of the laptop and cellphone may constitute gross negligence,

5    there is not enough evidence to show or reasonably to infer that the data was purposefully

6    destroyed. *See Porter*, 2018 WL 4215602, at *3.

7         Based on the record, the Court cannot find that there was no prejudice to Plaintiff. "For a

8    finding of prejudice under Rule 37(e)(1), the Court has discretion to determine whether the loss of

9    the information is prejudicial; neither party carries a burden of proving or disproving prejudice."

10   *Chinitz v. Intero Real Est. Servs.,* No. 18-CV-05623-BLF, 2020 WL 7389417, at *2 (N.D. Cal.

11   May 13, 2020).  Here, as the Court previously found, "Plaintiff has identified types of files… that

12   have not been produced, including communications pertaining to his contract, as well as calendar

13   events, notes, and an Excel spreadsheet[1] estimating his commission for a transaction at issue in

14   this lawsuit that were located on his laptop but may not have been backed up to his OneDrive."

15   (4/24/25 Order, Dkt. No. 75 at 3; *see also* Pl.'s Mot. at 16-17.)  Moreover, Plaintiff has shown

16   prejudice in the missing text messages pertaining to his communications with Mr. Bach regarding

17   his planned retirement date because they are relevant to his remaining age discrimination claim.[2]

18   (Pl.'s Mot. at 16-17.)  At the hearing, Plaintiff further argued that he used text messages to

19   communicate with Mr. Bach regarding his employment, including what compensation he might be

20   owed. Given the prevalence of text messaging, this argument is well taken. While Honeywell

21   argues that the OneDrive files can be produced through additional discovery, there is no way to

22   determine that the data contains all files from the missing laptop, and defense counsel conceded

23   this point at the hearing. (*See* Def.'s Opp'n at 12-13.)  Furthermore, Honeywell concedes that the

24   text messages cannot be recovered.  Thus, Plaintiff was prejudiced by the loss.

25

26   _____

27   [1] At the hearing, Defendant argued that an Excel spreadsheet created by Plaintiff would not be
     admissible, but the standard for relevancy in discovery and admissibility at trial are different, so
     this argument is not well taken.

28   [2] Summary judgment was granted as to the portion of the breach of contract claim that alleged
     premature termination based on his planned retirement date. (*See* 9/22/25 Order at 2, 15.)

United States District Court
Northern District of California

1    Even so, the Court finds that an adverse jury instruction is not warranted because there is

2    no evidence that Defendant intentionally spoliated the data.  Thus, the Court recommends a jury

3    instruction consisting of a short factual statement regarding the spoliation of this evidence. The

4    statement should inform the jury that Defendant had a duty to preserve the data on Plaintiff's

5    company-issued laptop and cellphone, but that despite this duty, information, including text

6    messages between Plaintiff and his supervisor, David Bach, are no longer available. *See Resolute*

7    *Forest Prods., Inc. v. Greenpeace Int'l*, No. 17CV02824-JST (KAW), 2022 WL 16637990, at *10

8    (N.D. Cal. Nov. 2, 2022), *report and recommendation adopted,* No. 17-CV-02824-JST, 2023 WL

9    4311255 (N.D. Cal. Apr. 10, 2023) (denying request for adverse jury instruction, but

10    recommending a jury instruction consisting of a factual statement regarding spoliation).

## IV.    CONCLUSION

12    For the reasons stated above, the Court GRANTS IN PART AND DENIES IN PART

13    Plaintiff's motion for sanctions and RECOMMENDS a jury instruction consisting of a short

14    factual statement that Defendant had a duty to preserve Plaintiff's laptop and cellphone, and that

15    despite this duty, information, including text messages between Plaintiff and his supervisor, David

16    Bach, are no longer available.

17    The Court also finds that Plaintiff is entitled to an award attorneys' fees, namely the

18    reasonable fees incurred from meeting and conferring on all document requests pertaining to the

19    laptop and cellphone records and any evidence, the noticing, preparation and conducting the Rule

20    30(b)(6) depositions concerning defendant's duty to preserve, and related matters, including meet-

21    and-confer efforts, as well as the time spent on the motion for sanctions.

22    The parties shall meet and confer as to the attorneys' fees amount. If the parties are unable

23    to come to an agreement, Plaintiff shall file his motion for attorneys' fees within 30 days of this

24    order.

25    IT IS SO ORDERED.

26    Dated: October 10, 2025

27    KANDIS A. WESTMORE

28    United States Magistrate Judge

United States District Court
Northern District of California

6